UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IONICS INCORPORATED, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GLOBAL ENERGY, INC., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. _____ <br><br> 04 - 11943 PBS <br><br> MAGISTRATE JUDGE Alexander |

**NOTICE OF REMOVAL**

TO:  **CLERK OF COURT**
**U.S. DISTRICT COURT for the DISTRICT OF MASSACHUSETTS**

Please take notice that Defendant Global Energy, Inc. hereby files this Notice of Removal, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As grounds for removing this action, Defendant states as follows:

1.  On or about July 8, 2004, Plaintiff Ionics Incorporated filed a civil action entitled Ionics Incorporated v. Global Energy, Inc., Civil Action No. MICV2004-02749, in the Superior Court Department of the Trial Court, Middlesex County, Massachusetts (the "State Court Action").

2.  On August 5, 2004, Defendant received a copy of the Summons, Complaint, and Civil Action Cover Sheet in the State Court Action, by certified mail. (See **Exhibit A.**) As required by 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days after Defendant's first receipt of the Complaint, accounting for the Labor Day weekend and holiday.

RECEIPT # _____
AMOUNT $ 150 -
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 9-7-04

- 2 -

3. As alleged in the Complaint in the State Court Action, Plaintiff is a corporation organized under the laws of the Commonwealth of Massachusetts, with a principal place of business at 65 Grove Street, Watertown, Massachusetts.

4. Defendant is a corporation organized under the laws of the State of Ohio, with a principal place of business at 312 Walnut Street, Cincinnati, Ohio.

6. In its Complaint in the State Court Action, Plaintiff asserts a claim for "Breach of Guaranty" and seeks to recover from Defendant the amount of $2,327,278.00.

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because Plaintiff is a citizen of a different state than Defendant and the matter in controversy exceeds the sum on $75,000.00, exclusive of interest and costs.

10. Defendant has, on this 7th day of September, 2004, sent copies of this Notice of Removal to Plaintiff's counsel and to the Clerk of the Superior Court, Middlesex County, Massachusetts, to be filed with that court pursuant to 28 U.S.C. § 1446(d).

11. Pursuant to Local Rule 81.1 of this Court, within thirty (30) days, Defendant will file with the Clerk of this Court certified or attested copies of all records and proceedings in the State Court Action and a certified and attested copy of all docket entries there.

- 3 -

WHEREFORE, Defendant hereby removes this action now pending in the Superior Court, Middlesex County, Massachusetts, to this the United States District Court for the District of Massachusetts.

Respectfully submitted,

GLOBAL ENERGY, INC.,

By its counsel,

*/s/ Jason W. Morgan*

Jason W. Morgan (BBO #633802)
Drohan, Hughes, Hoffman & Tocchio, P.C.
175 Derby Street, Suite 30
Hingham, MA 02043
Tel.: (781) 749-7200
Fax: (781) 740-4335
jmorgan@dhhpc.com

Dated: September 7, 2004

### CERTIFICATE OF SERVICE

I, Jason W. Morgan, hereby certify that on September 7, 2004, I served a true and correct copy of the foregoing by overnight delivery upon counsel for Plaintiff, Kim M. Clarke, Nixon Peabody LLP, 100 Summer Street, Boston, Massachusetts 02110.

*/s/ Jason W. Morgan*

Jason W. Morgan

# EXHIBIT A



# NIXON PEABODY LLP
### ATTORNEYS AT LAW

Rec'd 8/5/04
Certified Mail

100 Summer Street
Boston, Massachusetts 02110-2131
(617) 345-1000
Fax: (617) 345-1300

Kim M. Clarke
Direct Dial: (617) 345-6162
Direct Fax: (866) 560-0765

August 2, 2004

**VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED
No. 7002 2410 0000 6889 1903**

H.H. Graves, President & CEO
Global Energy, Inc.
312 Walnut Street, Suite 2600
Cincinatti, OH 45202

    RE:    **NOTICE OF COMMENCEMENT OF ACTION**

        Ionics, Incorporated v. Global Energy, Inc.
        Civil Action No. MICV2004-02749-F

Dear Mr. Graves:

    Enclosed please find a copy of the following documents in connection with the above-referenced action in which you have been named as a defendant:

    (a)    Summons,
    (b)    Complaint, and
    (c)    Civil Action Cover Sheet

    You are hereby served with process, pursuant to the Massachusetts "long-arm" statute, Massachusetts General Laws Chapter 223A, §1 et seq.

                                  Very truly yours,

                                  /Kim M. Clarke

Enclosures

BOS1399905.2

ALBANY, NY · BOSTON, MA · BUFFALO, NY · GARDEN CITY, NY · HARTFORD, CT · MANCHESTER, NH · McLEAN, VA
NEW YORK, NY · ORANGE COUNTY, CA · PHILADELPHIA, PA · PROVIDENCE, RI · ROCHESTER, NY · SAN FRANCISCO, CA · WASHINGTON, DC

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. MICV2004-02749

......MIDDLESEX........., ss
[seal]

Ionics Incorporated................, Plaintiff(s)

v.

Global Energy, Inc.........., Defendant(s)

## SUMMONS

To the above-named Defendant: H.H. Graves, President & CEO

You are hereby summoned and required to serve upon ....David B. Mack...............................

................................ plaintiff's attorney, whose address is .Nixon Peabody LLP.........

100 Summer St., Boston, MA 02110................, an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at .Middlesex Sup. Ct.,

40 Thorndike St., Cambridge, MA 02141... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at ........Cambridge..........................................

the ......16th............................................ day of ...July.............................................

.................., in the year of our Lord ..2004..............................

*Edward J Sullivan*
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: _____ |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| IONICS, INCORPORATED | GLOBAL ENERGY, INC. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>David B. Mack, Esq.  (617) 345-1000<br>Nixon Peabody LLP<br>100 Summer Street, Boston, MA 02110<br>Board of Bar Overseers number: 631108 | ATTORNEY (if known) |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A02 | Breach of Guaranty Agt ( F ) | | (X) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ................................................ $ ..........
  2. Total Doctor expenses ................................................ $ ..........
  3. Total chiropractic expenses ........................................... $ ..........
  4. Total physical therapy expenses ...................................... $ ..........
  5. Total other expenses (describe) ...................................... $ ..........
  Subtotal $ ..........
B. Documented lost wages and compensation to date .......................... $ ..........
C. Documented property damages to date ..................................... $ ..........
D. Reasonably anticipated future medical and hospital expenses .............. $ ..........
E. Reasonably anticipated lost wages ....................................... $ ..........
F. Other documented items of damages (describe)
  $ ..........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$ ..........
TOTAL $ ..........

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
Breach of Guaranty Agreement to pay the outstanding debt owed Ionics, Incorporated by Defendant's wholly-owned subsidiary.

TOTAL $ Approx. 2.4 million

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____  DATE: 7/8/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ......................................................................................................
20........., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

............................................................................................................................................................
............................................................................................................................................................
............................................................................................................................................................
............................................................................................................................

Dated: ..............................................................................................................

**N.B. TO PROCESS SERVER:**
   PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

( _____ )
( ..............................................., ............ )
( _____ )

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX......, ss.

SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT CIVIL ACTION

No. ......................, Plff.

v.

......................, Deft.

SUMMONS
(Mass. R. Civ. P. 4)

CIVIL ACTION COVER SHEET
INSTRUCTIONS

SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| CONTRACT | | | REAL PROPERTY | | | MISCELLANEOUS | |
|---|---|---|---|---|---|---|---|
| A01 Services, labor and materials | (F) | C01 | Land taking (eminent domain) | (F) | E02 | Appeal from administrative Agency G.L. c. 30A | (X) |
| A02 Goods sold and delivered | (F) | C02 | Zoning Appeal, G.L. c.40A | (F) | E03 | Action against Commonwealth Municipality, G.L. c.258 | (A) |
| A03 Commercial Paper | (F) | C03 | Dispute concerning title | (F) | E05 | All Arbitration | (X) |
| A08 Sale or lease of real estate | (F) | C04 | Foreclosure of mortgage | (X) | E07 | c.112,s.12S (Mary Moe) | (X) |
| A12 Construction Dispute | (A) | C05 | Condominium lien and charges | (X) | E08 | Appointment of Receiver | (X) |
| A99 Other (Specify) | (F) | C99 | Other (Specify) | (F) | E09 | General contractor bond, G.L.c.149,s.29,29a | (A) |
| TORT | | | EQUITABLE REMEDIES | | E11 | Workman's Compensation | (X) |
| B03 Motor Vehicle negligence-personal injury/property damage | (F) | D01 | Specific performance of contract | (A) | E14 | Chapter 123A Petition-SDP | (X) |
| B04 Other negligence-personal injury/property damage | (F) | D02 | Reach and Apply | (F) | E15 | Abuse Petition, G.L.c.209A | (X) |
| B05 Products Liability | (A) | D06 | Contribution or Indemnification | (F) | E16 | Auto Surcharge Appeal | (X) |
| B06 Malpractice-medical | (A) | D07 | Imposition of Trust | (A) | E17 | Civil Rights Act, G.L.c.12,s.11H | (A) |
| B07 Malpractice-other(Specify) | (A) | D08 | Minority Stockholder's Suit | (A) | E18 | Foreign Discovery proceeding | (X) |
| B08 Wrongful death,G.L.c.229,s2A | (A) | D10 | Accounting | (A) | E96 | Prisoner Cases | (F) |
| B15 Defamation (Libel-Slander) | (A) | D12 | Dissolution of Partnership | (F) | E97 | Prisoner Habeas Corpus | (X) |
| B19 Asbestos | (A) | D13 | Declaratory Judgment G.L.c.231A | (A) | E99 | Other (Specify) | (X) |
| B20 Personal Injury-Slip&Fall | (F) | D99 | Other (Specify) | (F) | | | |
| B21 Environmental | (A) | | | | | | |
| B22 Employment Discrimination | (F) | | | | | | |
| B99 Other (Specify) | (F) | | | | | | |

TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | ☒ Yes ☐ No |

SUPERIOR COURT RULE 29

DUTY OF THE PLAINTIFF. The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

DUTY OF THE DEFENDANT. Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT, BUFF COLOR PAPER.

FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
MAY RESULT IN DISMISSAL OF THIS ACTION.

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss                                                                    SUPERIOR COURT

IONICS INCORPORATED,

    Plaintiff

    v.                                                        Civil Action No.

GLOBAL ENERGY, INC.,

    Defendant

## COMPLAINT

### Nature of the Action

1. Plaintiff Ionics, Incorporated ("Ionics") hereby brings this action to enforce the terms of a Guaranty agreement ("the Guaranty") pursuant to which the Defendant Global Energy, Inc. ("Global") agreed to satisfy the debt owed Ionics by Global's subsidiary, Wabash River Energy, Ltd. ("WRE"). A copy of the Guaranty is attached hereto as Exhibit A. The Guaranty required Global to satisfy the outstanding debt on or before June 30, 2004. Global has not paid this debt and accordingly has breached the Guaranty. Ionics seeks payment under the Guaranty in the amount of $1,979,278.00, plus accrued interest.

### Parties

2. Plaintiff Ionics, Incorporated ("Ionics") is a corporation organized under the laws of the Commonwealth of Massachusetts with a principal place of business at 65 Grove Street, Watertown, Massachusetts. Ionics is in the business of water purification and waste treatment.

3. On information and belief, Defendant Global Energy, Inc. ("Global") is a corporation organized under the laws of the state of Ohio, with a principal place of business at

032681/000001
BOS1397253.3

312 Walnut Street, Suite 2650, Cincinnati, Ohio. Global is registered in Massachusetts as a foreign corporation and on information and belief, conducts operations in Massachusetts. On information and belief, Global is in the business of energy technology with expertise in gasification technology, alternative fuels, and environmental technology.

### Jurisdiction

4. This Court has personal jurisdiction over Global pursuant to G.L. c. 223A §3 because (1) Global expressly agreed in the Guaranty to resolve any claim or controversy arising out of the Guaranty in the Courts of the Commonwealth of Massachusetts; and (2) Global conducts business in Massachusetts as a foreign corporation.

### Facts

5. In September 2000, Ionics and WRE, a wholly-owned subsidiary of Global, entered into a contract ("the Contract") for Ionics to provide WRE with certain water purification equipment (the "equipment"). The Contract required WRE to pay Ionics an agreed-upon price for the equipment in portions on the completion of contractual milestones.

6. The delivery of the water purification equipment took place over time during 2000 and 2001. Ionics provided the equipment in full compliance with the Contract with WRE, and WRE expressed satisfaction with the delivered equipment.

7. WRE has paid only a portion of the contract price. Financial difficulty prevented WRE from making full payment of the contract price. The outstanding balance owed under the contract is $1,979,278.00, which is the amount set forward in the Guaranty.

8. On March 4, 2003, Global, in consideration for Ionics' forbearance from taking immediate legal action against WRE, its wholly-owned subsidiary, entered into the Guaranty with Ionics. See Exhibit A.

9. Under the Guaranty Global "unconditionally and irrevocably agree[d] to pay Ionics the outstanding indebtedness owed by WRE to Ionics... in the amount of $1,979,278... [plus] interest at the annual rate of 12%... on or before June 30, 2004, if such payment is not made to Ionics by WRE prior to that date." Exhibit A, ¶1.

10. As of June 30, 2004, WRE still had not paid Ionics the balance of the contract price or accrued interest. As of June 30, 2004, interest on the principal balance totaled $348,005.51.

11. By letter dated June 30, 2004, Ionics demanded payment from Global pursuant to the Guaranty.

12. Ionics has not received payment of the outstanding debt pursuant to the Guaranty.

### Count I – Breach of Guaranty

13. Ionics repeats and incorporates herein paragraphs 1-12 above as if fully stated herein.

14. A valid contract for the provision of water purification equipment existed between Ionics and WRE.

15. Ionics performed in full under the Contract by providing WRE the required water purification equipment.

16. WRE did not pay Ionics the agreed upon price for the water purification equipment and breached the Contract.

17. Global agreed to guaranty WRE's debt to Ionics in consideration for Ionics' forbearance from taking immediate legal action against WRE.

18. Global agreed to pay Ionics the outstanding balance of the Contract plus interest on or before June 30, 2004 if WRE did not pay this debt by that date.

3

19. WRE did not pay any portion of the outstanding debt by June 30, 2004.

20. As of June 30, 2004, Global owes Ionics the principal balance of $1,979,278.00 plus accrued interest of approximately $348,000.00.

21. Global's failure to pay the above amounts after due demand constitutes a breach of the Guaranty.

22. As a result of Global's breach, Ionics has suffered damages in an amount to be determined at trial, but not less than $2,327,278.00.

WHEREFORE, Plaintiff Ionics Incorporated, demands relief as follows:

1. That the Court enter judgment in favor of Ionics and against Global on Count I of the Complaint in an amount to be determined at trial, but not less than $2,327,278.00, plus interest under the Guaranty or as otherwise provided by law, plus costs and attorneys' fees; and

2. That the Court grant Ionics such further relief as is just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts of the complaint so triable.

Respectfully submitted,

IONICS, INCORPORATED,

By its attorneys,

*/s/ Kim M. Clarke*

David B. Mack (BBO# 631108)
Kim M. Clarke (BBO# 657711)
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110
(617) 345-1000

Dated: July 8, 2004

# GUARANTY

THIS GUARANTY is entered into as of the 4th day of March, 2003, by and between IONICS, INCORPORATED, with a place of business at 65 Grove Street, Watertown, Massachusetts 02472-2882, U.S.A. ("Ionics"), and GLOBAL ENERGY, INC. ("Global"), with a place of business at 312 Walnut Street, Suite 2650, Cincinnati, OH 45202.

WHEREAS, Wabash River Energy, Inc., a wholly owned subsidiary of Global ("WRE"), owes an amount currently equal to $1,979,278 to Ionics, representing a payable for goods and services provided (the "balance amount"); and

WHEREAS, Global is willing to guaranty to Ionics the payment of such amount by WRE in consideration of Ionics' forbearance from taking immediate legal action against WRE for the balance amount.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. Pursuant to the terms and conditions herein, Global hereby unconditionally and irrevocably agrees to pay Ionics the outstanding indebtedness owed by WRE to Ionics, currently in the amount of $1,979,278, as said amount may be augmented by the accrual of interest at the annual rate of 12% ("Guaranteed Obligation"), on or before June 30, 2004, if such payment is not made to Ionics by WRE prior to that date.

2. Global waives and relinquishes any and all rights, defenses and benefits limiting or exonerating the liability of guarantors under the operation of law and in equity. The obligations of Global under this Guaranty shall not be affected by:

    (a) Ionics' failure to assert any claim or demand or to enforce any right or remedy against WRE;

    (b) Ionics' converting the Guaranteed Obligation into any form of equity, except that this Guaranty shall then serve as a guaranty of the redemption of such equity for a payment equal to the Guaranteed Obligation; and

    (c) Any discharge of WRE from any of its obligations to Ionics in a bankruptcy or similar proceeding or otherwise.

3. The obligations of Global under this Guaranty shall not be subject to any reduction, limitation, impairment, defense, setoff, counterclaim, recoupment or termination for any reason.

1

4. This Guaranty shall be in force from the date first written above and shall terminate upon final payment of all of the Guaranteed Obligations.

5. Each Party agrees to pay its own costs, charges and expenses of any kind incurred in relation to the execution, delivery, performance or enforcement of this Guaranty.

6. Should any one or more of the provisions of this Guaranty be determined to be illegal or unenforceable, all other provisions hereof shall nevertheless remain effective, and this Guaranty shall be interpreted and enforced, to the extent possible, in accordance with the intention of the parties. No provision of this Guaranty nor any of the rights of either party hereunder shall be waived, nor shall any obligations of either party hereunder be released, except by a writing duly executed by an authorized officer of the waiving or releasing party.

7. This Guaranty shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts. Any dispute, claim, or controversy arising out of or relating to this Guaranty shall be resolved in the Courts of the Commonwealth of Massachusetts, and Global hereby submits to the exclusive jurisdiction of said Courts.

8. Ionics and Global have agreed to work together to convert the Guaranteed Obligation into preferred equity capital of WRE in conjunction with an alliance agreement between the parties. In the event that Ionics enters into such an arrangement under terms satisfactory to it, Ionics anticipates that the documentation for such arrangement will contain a guaranty from Global with respect to the redemption of such preferred equity that will supersede this guaranty. This guaranty will remain in full force and effect until such time as it may be superseded by a substitute guaranty.

IONICS, INCORPORATED

By: _____
Name: _____
Title: CFO

GLOBAL ENERGY, INC.

By: _____
Name: H.H. GRAVES
Title: _____

2

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

IONICS INCORPORATED

## DEFENDANTS

GLOBAL ENERGY, INC.

**(b)** County of Residence of First Listed Plaintiff: Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Stamped: 04-11943-PBS

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Kim M. Clarke
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110   (617) 345-6162

Attorneys (If Known)

Jason W. Morgan
Drohan, Hughes, Hoffman & Tocchio, P.C.
175 Derby Street, Suite 30
Hingham, MA 02043   (781) 749-7200

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | **PERSONAL INJURY** | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | ☐ 362 Personal Injury Med. Malpractice | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 365 Personal Injury Product Liability | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | **CIVIL RIGHTS** | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | **PERSONAL PROPERTY** | ☐ 441 Voting | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 370 Other Fraud | ☐ 442 Employment | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 371 Truth in Lending | ☐ 443 Housing/Accommodations | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 380 Other Personal Property Damage | ☐ 444 Welfare | | |
| | ☐ 385 Property Damage Product Liability | ☐ 440 Other Civil Rights | | |
| | **PRISONER PETITIONS** | | | |
| | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | | | |
| | ☐ 530 General | | | |
| | ☐ 535 Death Penalty | | | |
| | ☐ 540 Mandamus & Other | | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Claim for breach of guaranty

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 2,327,278.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE: September 7, 2004

SIGNATURE OF ATTORNEY OF RECORD: /s/ Jason W. Morgan

**FOR OFFICE USE ONLY**

RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **IONICS INCORPORATED V. GLOBAL ENERGY, INC.**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [X] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V. 150, 152, 153.

   **04-11943 PBS**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [X]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [X]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [X]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    Jason W. Morgan
ADDRESS Drohan, Hughes, Hoffman & Tocchio, P.C., 175 Derby St., Suite 30, Hingham, MA 02043
TELEPHONE NO.   (781) 749-7200

(Coversheetlocal.wpd - 10/17/02)