UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IONICS INCORPORATED,<br><br>    Plaintiff,<br><br>v.<br><br>GLOBAL ENERGY, INC.,<br><br>    Defendant. | Civil Action No. 04-11943-PBS |

## ANSWER

Defendant Global Energy, Inc. ("Global Energy"), by and through its counsel, responds to the Complaint against it as follows:

### Nature of the Action

1. This paragraph is an introduction to which no response is required. To the extent that a response is required, Global Energy admits that Plaintiff Ionics Incorporated ("Ionics") has brought an action against Global Energy. Global Energy states that the Guaranty speaks for itself.

### Parties

2. On information and belief, Global Energy admits the allegations in Paragraph 2 of the Complaint.

3. Global Energy admits that it registered in Massachusetts as a foreign corporation in 2000, but denies that it conducts operations in Massachusetts. Global Energy admits the remaining allegations in Paragraph 3 of the Complaint.

## Jurisdiction

4. The allegations in Paragraph 4 state a legal conclusion to which no response is required. Global Energy states that the Guaranty speaks for itself. Global Energy admits that it registered in Massachusetts as a foreign corporation in 2000, but denies that it conducts business in Massachusetts.

## Facts

5. Global Energy admits that WRE contracted for certain water purification equipment; however, on information and belief, the Contract was between WRE and Resources Conservation Company ("RCC"). Global Energy further states that the Contract speaks for itself.

6. Global Energy admits the first sentence of Paragraph 6 of the Complaint. Global Energy is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 of the Complaint; however, on information and belief, the Contract was between WRE and RCC.

7. Admitted.

8. Admitted.

9. Global Energy states that the Guaranty speaks for itself.

10. Global Energy admits the first sentence of Paragraph 10 of the Complaint. Global Energy is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 of the Complaint.

11. Admitted.

12. Global Energy is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint; however, Global Energy admits

- 3 -

that it has not paid WRE's outstanding debt to Ionics. Further answering, Global Energy states that the parties entered into an alliance agreement to convert the guaranteed obligation into preferred equity of WRE.

### Count I – Breach of Guaranty

13. Global Energy incorporates by reference its responses to Paragraphs 1-12, as set forth above.

14. Paragraph 14 calls for a legal conclusion, and no response is required. To the extent that a response is required, Global Energy admits that WRE entered into a contract for the provision of water purification equipment; however, on information and belief, the Contract was between WRE and RCC.

15. Global Energy is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint. Global Energy admits that WRE received the water purification equipment; however, on information and belief, the Contract was between WRE and RCC.

16. Global Energy denies that WRE never paid any amount due under the Contract. On information and belief, WRE paid for a portion of the water purification equipment; however, the Contract was between WRE and RCC.

17. Global Energy states that the Guaranty speaks for itself.

18. Global Energy states that the Guaranty speaks for itself.

19. Global Energy denies that WRE never paid any amount due under the Contract. Further answering, Global Energy states that the parties entered into an alliance agreement to convert the guaranteed obligation into preferred equity of WRE.

- 4 -

20. Global Energy admits that, as of the time of the Guaranty, the indebtedness owed by WRE was $1,979,278; however, Global Energy denies that it is currently obligated to pay that amount to Ionics.

21. Denied.

22. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims are barred to the extent that the Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver, acquiescence, accord, satisfaction, set-off, unclean hands, and/or plaintiff's failure to comply with certain contractual obligations owed to Global Energy.

### Third Affirmative Defense

Plaintiff's claims are barred to the extent that it has failed to include indispensable parties to this litigation.

WHEREFORE, Defendant Global Energy, Inc. prays for dismissal of the Complaint and for such other relief as is appropriate and just.

                      Respectfully submitted,

                      GLOBAL ENERGY, INC.,

                      By its counsel,

                      _____
                      Jason W. Morgan (BBO #633802)
                      Drohan, Hughes, Hoffman & Tocchio, P.C.
                      175 Derby Street, Suite 30
                      Hingham, MA  02043
                      Tel.: (781) 749-7200
                      Fax: (781) 740-4335

Dated: September 15, 2004          jmorgan@dhhpc.com

## CERTIFICATE OF SERVICE

I, Jason W. Morgan, hereby certify that on September 15, 2004, I served a true and correct copy of the foregoing by first-class, U.S. mail upon counsel for Plaintiff, Kim M. Clarke, Nixon Peabody LLP, 100 Summer Street, Boston, Massachusetts 02110.

                      _____
                      Jason W. Morgan