UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IONICS, INCORPORATED,<br>    Plaintiff<br><br>v.<br><br>GLOBAL ENERGY, INC.,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 04-11943-PBS<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFF IONICS, INCORPORATED'S MEMORANDUM IN LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

This Court should allow Plaintiff Ionics, Incorporated's ("Ionics") motion for summary judgment because it is undisputed (1) that Defendant Global Energy, Inc. ("Global") entered into a guaranty agreement with Ionics; (2) that Global is liable for debt owed to Ionics pursuant to the guaranty agreement; and (3) Global breached the guaranty agreement with Ionics.

### UNDISPUTED MATERIAL FACTS

A.  <u>Wabash River Energy, Ltd., a Wholly Owned Subsidiary of Global, Defaulted on Debt it Owed Ionics for Services Provided and Goods Delivered</u>

In September 2000, Ionics and Wabash River Energy, Ltd. ("WRE"), a wholly-owned subsidiary of Global, entered into a contract ("the Contract") for Ionics to provide WRE with certain water purification equipment (the "equipment") and technical services. <u>Affidavit of Gary Podrabsky</u> (hereinafter "Podrabsky Affidavit"), ¶2, Exhibit A. The Contract required WRE to pay Ionics an agreed-upon price for the equipment and services in portions upon the completion of contractual milestones. <u>Id.</u>, ¶2, Exhibit A. The delivery of the water purification equipment and technical services took place over time during 2000 and 2001. <u>Id.</u>, ¶3. Ionics provided the

equipment and services in full compliance with the Contract with WRE. Id. WRE has paid only a portion of the contract price, and the outstanding balance owed under the contract is $1,979,278.00. Podrabsky Affidavit, ¶4.

B.  Global Entered into a Guaranty Agreement with Ionics and Breached the Guaranty

On March 4, 2003, Global, in consideration for Ionics' forbearance from taking immediate legal action against WRE, its wholly-owned subsidiary, entered into the Guaranty with Ionics. Podrabsky Affidavit, ¶5, Exhibit B. Under the Guaranty Global "unconditionally and irrevocably agree[d] to pay Ionics the outstanding indebtedness owed by WRE to Ionics. . . in the amount of $1,979,278. . . [plus] interest at the annual rate of 12%. . . on or before June 30, 2004, if such payment is not made to Ionics by WRE prior to that date." Id., Exhibit B, ¶1. As of June 30, 2004, WRE had not paid Ionics the balance of the contract price or accrued interest. Id., ¶7. By letter dated June 30, 2004, Ionics demanded payment from Global pursuant to the Guaranty. Id., ¶8, Exhibit C. Ionics has not received payment of the outstanding debt and accrued interest pursuant to the Guaranty. Podrabsky Affidavit, ¶8. As of August 26, 2004, interest on the principal balance totals $392,624.41. Id., ¶7.

## ARGUMENT

**As a Matter of Law, Pursuant to the Guaranty, Global owes Ionics $1,979,278 for the Outstanding Balance plus $392,624.41 in Accrued Interest Due on Ionics' Contract with WRE, its Wholly Owned Subsidiary.**

Ionics is entitled to judgment as a matter of law that Global owes Ionics the outstanding balance plus accrued interest on Ionics' contract with WRE, Global's wholly owned subsidiary because the express terms of the Guaranty requires such. When the terms of a contract are clear, the contract must be enforced according to its terms. See Schwanbeck v. Federal-Mogul Corp.

412 Mass. 703, 706 (1992) (Exhibit 1).[1]  The Guaranty, dated March 4, 2003, expressly states that Global "unconditionally and irrevocably agrees to pay Ionics the outstanding indebtedness owed by WRE to Ionics, currently in the amount of $1,979,278, as said amount may be augmented by the accrual of interest at the annual rate of 12%. . . on or before June 30, 2004, if such payment is not made to Ionics by WRE prior to that date." Podrabsky Affidavit, Exhibit B, ¶1.

There is no dispute that Ionics performed in full under the Contract with WRE.  The Guaranty itself establishes that the debt existed on March 4, 2003.  It is also undisputed that (1) that WRE did not pay the outstanding debt on the Contract on or before June 30, 2004; (2) that Global guaranteed payment of the outstanding debt and accrued interest after June 30, 2004; and (3) that by letter dated June 30, 2004, Ionics demanded payment from Global pursuant to the Guaranty.  Global is liable for the debt owed by WRE to Ionics because it unconditionally guaranteed the debt.  See Cotter & Company v. Phil-Am Hardware Store, Inc., 1996 Mass. Super. LEXIS 351, *4 (June 1, 1996) (summary judgment granted for plaintiff when defendant, by agreement, unconditionally guaranteed debt to plaintiff arising out of a contract for goods sold and delivered) (Exhibit 2); see also John B. Dreary, Inc. v. Crane, 4 Mass. App. Ct. 719, 722 (1976) (granting summary judgment when defendants executed a guaranty of obligations under a note and mortgage) (Exhibit 3).

### Conclusion

For the foregoing reasons, Ionics requests that its motion for summary judgment be allowed and that the Court:

    (i)       grant Ionics' Motion for Summary Judgment;

---

[1] The Guaranty contains a clause wherein Global agrees that "[t]his Guaranty shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts." See PodrabskyAffidavit, Exhibit B, ¶7.

(ii)   enter judgment in favor of Ionics for Count I of the complaint in the amount of $2,371,902.41 for the unpaid outstanding debt and accrued interest pursuant to the Guaranty and as provided by law; and

(iii)  grant Ionics such further relief as it finds just or appropriate.

Dated:   September 13, 2004

IONICS, INCORPORATED.

By its Attorneys,

/s/ Kim M. Clarke
David B. Mack (BBO# 631108)
Kim M. Clarke (BBO# 657711)
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts 02110
(617) 345-1000