UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IONICS, INCORPORATED,<br>Plaintiff<br><br>v.<br><br>GLOBAL ENERGY, INC.,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 04-11943-PBS<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF IONICS, INCORPORATED'S
## REVISED MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, Plaintiff Ionics, Incorporated ("Ionics") moves for summary judgment on its claim that Defendant Global Energy, Inc. ("Global") breached a Guaranty Agreement dated March 4, 2003 (the "Guaranty"). In support of its motion, Ionics relies upon the accompanying Revised Memorandum of Law in Support of Ionics' Motion for Summary Judgment and the Affidavit of Gary Podrabsky (the "Podrabsky Affidavit") and the Supplemental Affidavit of Gary Podrabsky (the "Supplemental Affidavit").

Ionics is entitled to judgment in the amount of $2,218,548.04 for the balance on the contract plus applicable interest because Global, pursuant to the Guaranty, unconditionally agreed to pay the outstanding debt owed by Wabash River Energy, Ltd. ("WRE"), Global's wholly owned subsidiary. See Supplemental Affidavit, ¶2. Ionics provided WRE with certain water purification equipment and technical services for an agreed upon contract price. As of June 30, 2004, WRE had not paid the full contract price for the equipment and services, leaving a balance. In consideration for Ionics' forbearance from taking immediate action against WRE, Global executed the Guaranty with Ionics. The Guaranty is dated March 4, 2003 and provides

that Global "unconditionally and irrevocably agree[d] to pay Ionics the outstanding indebtedness owed by WRE to Ionics. . . in the amount of $1,979,278. . . [plus] interest at the annual rate of 12%. . . on or before June 30, 2004, if such payment is not made to Ionics by WRE prior to that date." Podrabsky Affidavit, Exhibit B, ¶1.  WRE did not pay the debt on or before June 30, 2004, and Ionics sent Global a demand letter for payment on June 30, 2004.  As of this date, September 14, 2004, Global has not paid Ionics the unpaid balance or accrued interest due as required by the Guaranty.

There is no dispute that (a) WRE's debt under the Contract remains outstanding; and (b) Global agreed to guarantee the debt owed Ionics by WRE.  The plain language of the Guaranty compels the entry of judgment as a matter of law.

WHEREFORE, for the reasons stated above and in the Memorandum, Ionics respectfully requests that this Court:

(i)     grant Ionics' Motion for Summary Judgment;

(ii)    enter judgment in favor of Ionics for Count I of the complaint in the amount of $2,218,548.04 for the unpaid outstanding debt and accrued interest pursuant to the Guaranty and as provided by law; and

(iii)   grant Ionics such further relief as it finds just or appropriate.

### REQUEST FOR ORAL ARGUMENT

WHEREFORE, for the reasons stated above and in the Memorandum, Ionics respectfully requests that this Court grant Ionics a hearing for oral argument regarding this matter.

Dated:   September 20, 2004                IONICS, INCORPORATED.

By its Attorneys,

_____
David B. Mack (BBO# 631108)
Kim M. Clarke (BBO# 657711)
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts 02110
(617) 345-1000