UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IONICS, INCORPORATED,<br>　　　Plaintiff | )<br>)<br>)<br>) |
| v. | )<br>) Civil Action No. 04-11943-PBS<br>) |
| GLOBAL ENERGY, INC.,<br>　　　Defendant. | )<br>)<br>)<br>)<br>) |

## PLAINTIFF'S LOCAL RULE 56.1 REVISED STATEMENT OF UNDISPUTED MATERIAL FACTS AND LEGAL ELEMENTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56 (a) and Local Rules 7.1 (B)(1) and 56.1, Plaintiff Ionics, Incorporated ("Ionics") submits this statement of undisputed material facts and legal elements in support of its motion for summary judgment.

### Undisputed Material Facts

1.    In September, 2000, Ionics and Wabash River Energy, Ltd. ("WRE"), a wholly owned subsidiary of Global, entered into a contract ("the Contract") for Ionics to provide WRE with certain water purification equipment (the "equipment") and technical services.  The Contract required WRE to pay Ionics an agreed-upon price for the equipment in portions on the completion of contractual milestones.  <u>Affidavit of Gary Podrabsky</u> (hereinafter "Podrabsky Affidavit"), Exhibit A.

2.      The delivery of the equipment took place over time during 2000 and 2001, and Ionics provided the equipment in full compliance with the Contract with WRE. <u>Podrabsky Affidavit</u>, ¶2.

3.      WRE has paid only a portion of the contract price. The outstanding debt and interest owed under the Contract, through August 31, 2004, is $2,218,548.04. <u>Supplemental Affidavit of Gary Podrabsky</u>, ¶2.

4.      On March 4, 2003, Global, in consideration for Ionics' forbearance from taking immediate legal action against WRE, its wholly owned subsidiary, entered into a Guaranty Agreement (the "Guaranty") with Ionics. <u>Id.</u>, ¶5, Exhibit B.

5.      Under the Guaranty, Global agreed to pay the outstanding debt owed by WRE to Ionics, plus accrued interest on the debt if WRE did not pay such debt on or before June 30, 2004. <u>Id.</u>, Exhibit B, ¶1.

6.      WRE did not pay Ionics the balance of the contract price on or before June 30, 2004. <u>Podrabsky Affidavit</u>, ¶7.

7.      By letter dated June 30, 2004, Ionics demanded payment from Global pursuant to the Guaranty. <u>Id.</u>, ¶8, Exhibit C.

8.      Global has not paid Ionics the outstanding debt or accrued interest on the Contract pursuant to the Guaranty. <u>Id.</u>, ¶8.

## **Legal Elements**

9.      Defendant Global Energy, Inc. ("Global") breached a guaranty agreement with Plaintiff Ionics, Incorporated ("Ionics"). All of the legal elements of a breach of guaranty action exist: (1) a primary obligation; (2) a guaranty of the primary obligation by Global in writing; (3)

default of the primary obligation; (4) and full compliance of Ionics with all of the terms of the original contract and the guaranty. See John B. Dreary, Inc. v. Crane, 4 Mass. App. Ct. 719 (1976) (Exhibit 3).

Dated:       September 20, 2004          IONICS, INCORPORATED.

By its Attorneys,

David B. Mack (BBO# 631108)
Kim M. Clarke  (BBO# 657711)
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts  02110
(617) 345-1000

## CERTIFICATE OF SERVICE

I hereby certify that on this day, September 20, 2004, a true and accurate copy of the herein Plaintiffs' (1) Revised Motion for Summary Judgment; (2) Revised Memorandum in Support of its Motion for Summary Judgment; (3) Affidavit of Gary Podrabsky and Supplemental Affidavit of Gary Podrabsky; and (4) Local Rule 56.1 Revised Statement of Undisputed Material Facts and Legal Elements was served by overnight mail on counsel for Defendant Global Energy, Inc.:

Jason W. Morgan, Esq.
Drohan, Hughes, Hoffman, & Tocchio, P.C.
175 Derby Street, Suite 30
Hingham, MA 02043

_Kim M. Clarke_
Kim M. Clarke