UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IONICS INCORPORATED, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 04-11943-PBS |
| GLOBAL ENERGY, INC., ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION FOR EXTENSION OF TIME
TO RESPOND TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendant Global Energy, Inc. ("Global Energy") hereby moves to extend the time for it to respond to the summary judgment motion filed by Plaintiff Ionics Incorporated ("Ionics"). This case is brand new. It was just removed to this Court. A scheduling conference is noticed for next month. There have been no initial disclosures, and no discovery. Nevertheless, Ionics has refused to grant Global Energy a reasonable extension of time to respond to the summary judgment motion that it filed just two weeks into this case.

Ionics has not indicated how it might be prejudiced by any such extension; it simply has stubbornly refused to discuss any extension whatsoever. Global Energy needs additional time to put together the relevant facts and documents to provide a reasoned and thoughtful response to Ionics' motion for summary judgment. Under the circumstances, Global Energy's request is extremely reasonable.

As further grounds for this motion, Global Energy states as follows:

1. In accordance with 28 U.S.C. § 1446(b), this case was removed to this Court less than a month ago, on September 7, 2004.

2.     On September 13, 2004, the Court sent notice of a scheduling conference, set for November 9, 2004.

3.     The next day, on September 14, 2004, Ionics filed a summary judgment motion. That motion was revised and re-filed on September 20, 2004.

4.     Global Energy's counsel informed Ionics' counsel that he needed more than fourteen (14) days to respond to the summary judgment motion, in order to collect relevant documents and information in preparing a response thereto. (See Affidavit of Jason W. Morgan, Esq. ("Morgan Aff.") at ¶ 3.) Global Energy's counsel explained that he has not yet been able to collect documents and other information relevant to the summary judgment motion and that his client contact, Global Energy's president, Harry Graves, has been, and still is, out of town on business.[1] (Morgan Aff. at ¶ 3.)

5.     Global Energy's counsel initially requested an extra week to respond to the summary judgment motion – until October 15, 2004 – with the proviso that he might need another short extension, depending on his ability to collect the necessary documents and information, and the volume thereof. (See Morgan Aff. at ¶ 4.)

6.     Global Energy's counsel earlier had explained to Ionics' counsel that, given that the case is less than a month old and that no discovery has taken place,[2] it would be premature for Ionics to move for summary judgment at this time. (Morgan Aff. at ¶ 5.) At the very least, there certainly is no harm in providing Global Energy with a reasonable extension of time to respond to a dispositive motion.

---

[1] Importantly, Mr. Graves is the signatory on the Guaranty at issue in this case.

[2] The state court docket has just been sent to the Court, and the parties have not yet had a scheduling conference. Ionics also has not complied with any of the requirements of Local Rules 7.3 or 16.1.

7. Ionics' counsel denied Global Energy's request for an extension, indicating that absolutely no extensions would be given. (Morgan Aff. at ¶ 6.)

8. In light of the circumstances – where there has been no discovery and where Global Energy has been forced to scramble around for information concerning the dispute on extremely short notice – Ionics' refusal to grant a short extension is unreasonable.

9. Global Energy requests that it be given until <u>November 4, 2004</u> to file its response to Ionics' summary judgment motion. That date is the deadline for the parties to file their Local Rule 16.1(D) Joint Statement – being five days before the scheduling conference that is on the docket.

10. Given the procedural posture of this case and given that Ionics can show no prejudice in giving Global Energy a short extension of time to respond to the pending summary judgment motion, Global Energy's request for an extension of time is warranted.

WHEREFORE, Global Energy hereby requests that the Court grant this motion and allow Global Energy until November 4, 2004 to file its response. Given Ionics' uncooperativeness in trying to negotiate a reasonable extension of time, Global Energy further requests that it be awarded its attorneys' fees and costs in having to file this motion.

Respectfully submitted,

  /s/   Jason W. Morgan
Jason W. Morgan (BBO #633802)
Drohan, Hughes, Hoffman & Tocchio, P.C.
175 Derby Street, Suite 30
Hingham, MA  02043
Tel.:  (781) 749-7200
Fax:  (781) 740-4335
jmorgan@dhhpc.com

Dated: October 5, 2004                    *Counsel for Global Energy, Inc.*

## **CERTIFICATE OF SERVICE**

     I, Jason W. Morgan, hereby certify that on October 5, 2004, I served a true and correct copy of the foregoing by regular mail upon counsel for Plaintiff, Kim M. Clarke, Nixon Peabody LLP, 100 Summer Street, Boston, Massachusetts 02110.

                                                  /s/    Jason W. Morgan
                                                  Jason W. Morgan