UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IONICS INCORPORATED,       )<br>                            )<br>    Plaintiff,              )<br>                            )<br>v.                          )<br>                            )<br>GLOBAL ENERGY, INC.,        )<br>                            )<br>    Defendant.              )<br>                            ) | Civil Action No. 04-11943-PBS |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Fourteen (14) days to respond to a motion for summary judgment simply is not enough, particularly where counsel is new to the case and has not yet had the opportunity to review all of the documents in his client's possession, let alone documents from the plaintiff. Global Energy has a business to run; and the person at Global Energy most knowledgeable of the event at issue in this matter, its president, Harry Graves, has been traveling extensively over the past few weeks. Global Energy's counsel also has other pending matters, with deadlines that have been on the calendar for months. Given the amount at issue – namely, in excess of $2 million – Global Energy's request for a short extension of time to respond to Ionics' summary judgment motion is very reasonable.

Moreover, Ionics has not even attempted to argue that it will be prejudiced in any way by the short extension requested. This is a contract matter. To the extent that there are damages, interest will accrue. There is no claim of irreparable harm. Waiting an extra couple of weeks for Global Energy to submit a response will not prejudice Ionics in the slightest. In contrast, compelling Global Energy to respond to Ionics' motion, on short notice and without sufficient

opportunity for its counsel to become completely familiar with the facts of the case, would be unduly prejudicial to Global Energy.

Ionics raises the issue of Rule 56(f). There can be no doubt that Global Energy will consider strongly whether it has facts essential to justify its opposition, and in all likelihood it will raise that point in its response. It is beyond peradventure that any motion for summary judgment by a plaintiff less than a month into a case is subject to such a defense. Nevertheless, it is not unreasonable to allow counsel more than fourteen (14) days, at the inception of a case, to familiarize himself with his client's position and to determine the scope of documents and other information that might be needed to support that position.

WHEREFORE, Global Energy hereby requests that the Court grant its motion and allow it until November 4, 2004 to file its response to Ionics' summary judgment motion. Again, Global Energy further requests that it be awarded its attorneys' fees and costs in having to file this motion.

Respectfully submitted,

　/s/　　Jason W. Morgan
Jason W. Morgan (BBO #633802)
Drohan, Hughes, Hoffman & Tocchio, P.C.
175 Derby Street, Suite 30
Hingham, MA  02043
Tel.:  (781) 749-7200
Fax:  (781) 740-4335
jmorgan@dhhpc.com

Dated: October 8, 2004            *Counsel for Global Energy, Inc.*

## CERTIFICATE OF SERVICE

I, Jason W. Morgan, hereby certify that on October 8, 2004, I served a true and correct copy of the foregoing by regular mail upon counsel for Plaintiff, Kim M. Clarke, Nixon Peabody LLP, 100 Summer Street, Boston, Massachusetts 02110.

　/s/　　Jason W. Morgan
Jason W. Morgan