UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 OCT -7 P 2: 18

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |  |
|---|---|---|
| IONICS, INCORPORATED, <br> Plaintiff | ) <br> ) <br> ) <br> ) <br> ) | |
| v. | ) | Civil Action No. 04-11943-PBS |
| | ) <br> ) | |
| GLOBAL ENERGY, INC., <br> Defendant. | ) <br> ) <br> ) | |

## PLAINTIFF IONICS, INCORPORATED'S
## OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME

Plaintiff Ionics, Incorporated ("Ionics") opposes Defendant Global Energy, Inc.'s

("Global") motion to extend the time to respond to Ionics' motion for summary judgment.

Ionics does not oppose Global's motion for the sake of being difficult. Ionics' counsel,

moreover, appreciates the demands upon Global's counsel. Ionics opposes the motion, however,

because it believes Global is taking advantage of the system in order to continue a pattern of

evasive conduct and in furtherance of its desire to delay payment of an undisputed debt set

pursuant to the terms of an unambiguous guaranty.   For these reasons, and for the reasons stated

below, Ionics requests that Global's motion be denied.  Ionics also relies upon the Affidavit of

Kim M. Clarke filed herewith.

This is a simple case concerning a March 2003 Guaranty Agreement ("Guaranty")

executed by Global, pursuant to which Global unconditionally agreed to pay the debt owed to

Ionics by Global's wholly owned subsidiary, Wabash River Energy, Ltd. ("WRE").  The

Guaranty required payment by Global on or before June 30, 2004.  Neither WRE nor Global paid

the debt owed to Ionics.  That is what this case is about.  Period.

There is nothing to discover in this case.  Global executed the Guaranty in March 2003. Ionics patiently, and in good faith, engaged in discussions in the months leading up to and following the June 30, 2004 deadline under the Guaranty in an effort to avoid bringing this action.  Although plainly obligated to pay the balance due and owing under the Guaranty, Global failed to do so, as a result of which Ionics was compelled to bring suit.

Ionics commenced this action on July 8, 2004 in state court (Middlesex County) and formally served the complaint on August 5, 2004.  A copy of the Guaranty was attached to Ionics' complaint.  Global removed the case to this Court on September 7, 2004.  At Global's request, Ionics agreed on two separate occasions to extend the deadline for serving an answer. Global filed its answer on September 15, 2004.

Global's counsel presumably reviewed the complaint and the Guaranty attached thereto in connection with filing Global's answer.  Global has possessed the Guaranty since its execution in March 2003.  Global's counsel has possessed the Guaranty since no later than the date of Global's answer on September 15, and likely substantially prior thereto.  Thus, Global's contention that it "needs additional time to put together the relevant facts and documents to provide a reasoned and thoughtful response to Ionics' motion for summary judgment" is a red herring designed to further evade Global's undisputed contractual obligations under the Guaranty.  Ionics supported its motion with the Guaranty attached to its complaint and the Affidavit submitted in support of Ionics' motion set forth the same facts contained in the complaint.  The "relevant facts and documents" required to respond to Ionics' summary judgment motion are the same facts and documents Global presumably relied upon in answering the complaint on September 15.

On September 20, 2004, Ionics appropriately filed its motion for summary judgment, as permitted by Rule 56 (a) of the Federal Rules of Civil Procedure, because this case is simple and

straightforward. There is no need to prolong the proceedings with unnecessary discovery and disclosures.

If Global is unable at this time to present by affidavit facts sufficient to oppose Ionics' motion for summary judgment, Fed. R. Civ. P. 56(f) sets forth the proper procedure: "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or make such other order as is just." A request for an extension to obtain documents already in its possession is not the proper procedure.

Ionics has been more than reasonable about extending time. Counsel has granted Global at least two extensions to answer the complaint, once prior to removal to Federal court and once subsequent to removal. See Affidavit of Kim M. Clarke. Global has known about the motion for almost a month. Ionics filed its original motion for summary judgment on September 14, then filed a minutely revised motion on the September 20, which gave Global an additional six days to prepare a response.

WHEREFORE, for the reasons stated above, Ionics respectfully requests that this Court deny Global's request for an extension of time to respond to Ionics' Motion for Summary Judgment

Dated:    October 7, 2004                    IONICS, INCORPORATED.

                                             By its Attorneys,

                                             _Kim M. Clarke_
                                             David B. Mack (BBO# 631108)
                                             Kim M. Clarke (BBO# 657711)
                                             NIXON PEABODY LLP
                                             100 Summer Street
                                             Boston, Massachusetts  02110
                                             (617) 345-1000