# DROHAN, HUGHES, HOFFMAN & TOCCHIO, P.C.

ATTORNEYS AT LAW
175 DERBY STREET, SUITE 30
HINGHAM, MASSACHUSETTS 02043
Telephone: (781) 749-7200 ~ Facsimile (781) 740-4335
www.dhhpc.com
jmorgan@dhhpc.com

*[Stamp: CLERK'S OFFICE, 2004 OCT -6 A 11: 30, U.S. DISTRICT COURT, DISTRICT OF MASS.]*

October 5, 2004

*Via Overnight Delivery*

Clerk of the Court
U.S. District Court
One Courthouse Way
Boston, MA 02110

  Re: Ionics Incorporated v. Global Energy, Inc.,
     Civil Action No. 04-11943-PBS

Dear Sir/Madam:

Pursuant to Local Rule 81.1 of this Court, enclosed are certified copies of all docket entries and all records and proceedings from the Middlesex Superior Court. Kindly docket these items in your usual fashion.

Please call me if you have any questions.

          Very truly yours,

          *[signature]*
          Jason W. Morgan

Enclosures

  cc: Kim M. Clarke, Esq. (w/ encls.)

MIDDLESEX SUPERIOR COURT
Case Summary
Civil Docket

## MICV2004-02749
### Ionics Incorporated v Global Energy, Inc.

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 07/08/2004 | **Status** | Disposed: transferred to other court (dtrans) | | |
| **Status Date** | 09/08/2004 | **Session** | F - Cv F (10A Cambridge) | | |
| **Origin** | 1 | **Case Type** | A02 - Goods sold/delivered under contract | | |
| **Lead Case** | | **Track** | F | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 10/06/2004 | **Answer** | 12/05/2004 | **Rule12/19/20** | 12/05/2004 |
| **Rule 15** | 12/05/2004 | **Discovery** | 05/04/2005 | **Rule 56** | 06/03/2005 |
| **Final PTC** | 07/03/2005 | **Disposition** | 09/01/2005 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Ionics Incorporated
65 Grove Street
Active 07/08/2004

**Private Counsel 631108**
David B Mack
Nixon Peabody
100 Summer Street
Boston, MA 02110-2131
Phone: 617-345-1000
Fax: 617-345-1300
Active 07/08/2004 Notify

**Defendant**
Global Energy, Inc.
H.H. Graves, President & CEO
312 Walnut Street, Suite 2600
Cincinnati, OH 45202
Served: 08/05/2004
Served (answr pending) 08/05/2004

**Private Counsel 633802**
Jason W Morgan
Drohan Hughes & Hoffman
175 Derby Street
Suite 30
Hingham, MA 02043-4007
Phone: 781-749-7200
Fax: 781-740-4335
Active 09/08/2004 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 07/08/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 07/08/2004 | | Origin 1, Type A02, Track F. |
| 08/30/2004 | 2.0 | Affidavit of compliance with long-arm statute with proof of service on out of state defendant Global Energy, Inc.8/5/04 by cert mail, copy of receipt attached, H.H. Graves, President & CEO, 312 Walnut Street, Suite 2600, Cincinatti, OH 45202 |
| 09/08/2004 | 3.0 | Case REMOVED this date to US District Court of Massachusetts by defendant Global Energy, Inc |
| 09/08/2004 | | ABOVE ACTION THIS DAY REMOVED TO US DISTRICT COURT |

### EVENTS

MIDDLESEX, ss.　**Commonwealth of Massachusetts**
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

In testimony that the foregoing is a true copy on file and of record made by photographic process, I hereunto set my hand and affix the seal of said Superior Court this ninth day of September 2004.

Deputy　　　　　　　　Assistant Clerk

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss                                          SUPERIOR COURT

                                                       04-2749

| | |
|---|---|
| IONICS INCORPORATED,<br><br>Plaintiff<br><br>v.<br><br>GLOBAL ENERGY, INC.,<br><br>Defendant | Civil Action No.<br><br>FILED<br>IN THE OFFICE OF THE<br>CLERK OF THE COURTS<br>FOR THE COUNTY OF MIDDLESEX<br>JUL 08 2004<br>CLERK |

## COMPLAINT

### Nature of the Action

1.  Plaintiff Ionics, Incorporated ("Ionics") hereby brings this action to enforce the terms of a Guaranty agreement ("the Guaranty") pursuant to which the Defendant Global Energy, Inc. ("Global") agreed to satisfy the debt owed Ionics by Global's subsidiary, Wabash River Energy, Ltd. ("WRE"). A copy of the Guaranty is attached hereto as Exhibit A. The Guaranty required Global to satisfy the outstanding debt on or before June 30, 2004. Global has not paid this debt and accordingly has breached the Guaranty. Ionics seeks payment under the Guaranty in the amount of $1,979,278.00, plus accrued interest.

```
07/08/04  15:38#0000 9170 CLERK E
CIVIL                       240.00
SURCHARGE                    15.00
SECC                         20.00
042749 #
SUBTTL                      275.00
TOTAL                       275.00
CHECK                       275.00
```

### Parties

2.  Plaintiff Ionics, Incorporated ("Ionics") is a corporation organized under the laws of the Commonwealth of Massachusetts with a principal place of business at 65 Grove Street, Watertown, Massachusetts. Ionics is in the business of water purification and waste treatment.

3.  On information and belief, Defendant Global Energy, Inc. ("Global") is a corporation organized under the laws of the state of Ohio, with a principal place of business at

BOS1397253.3                                                         032681/000001

312 Walnut Street, Suite 2650, Cincinnati, Ohio. Global is registered in Massachusetts as a foreign corporation and on information and belief, conducts operations in Massachusetts. On information and belief, Global is in the business of energy technology with expertise in gasification technology, alternative fuels, and environmental technology.

## Jurisdiction

4. This Court has personal jurisdiction over Global pursuant to G.L. c. 223A §3 because (1) Global expressly agreed in the Guaranty to resolve any claim or controversy arising out of the Guaranty in the Courts of the Commonwealth of Massachusetts; and (2) Global conducts business in Massachusetts as a foreign corporation.

## Facts

5. In September 2000, Ionics and WRE, a wholly-owned subsidiary of Global, entered into a contract ("the Contract") for Ionics to provide WRE with certain water purification equipment (the "equipment"). The Contract required WRE to pay Ionics an agreed-upon price for the equipment in portions on the completion of contractual milestones.

6. The delivery of the water purification equipment took place over time during 2000 and 2001. Ionics provided the equipment in full compliance with the Contract with WRE, and WRE expressed satisfaction with the delivered equipment.

7. WRE has paid only a portion of the contract price. Financial difficulty prevented WRE from making full payment of the contract price. The outstanding balance owed under the contract is $1,979,278.00, which is the amount set forward in the Guaranty.

8. On March 4, 2003, Global, in consideration for Ionics' forbearance from taking immediate legal action against WRE, its wholly-owned subsidiary, entered into the Guaranty with Ionics. See Exhibit A.

9. Under the Guaranty Global "unconditionally and irrevocably agree[d] to pay Ionics the outstanding indebtedness owed by WRE to Ionics. . . in the amount of $1,979,278. . . [plus] interest at the annual rate of 12%. . . on or before June 30, 2004, if such payment is not made to Ionics by WRE prior to that date." Exhibit A, ¶1.

10. As of June 30, 2004, WRE still had not paid Ionics the balance of the contract price or accrued interest. As of June 30, 2004, interest on the principal balance totaled $348,005.51.

11. By letter dated June 30, 2004, Ionics demanded payment from Global pursuant to the Guaranty.

12. Ionics has not received payment of the outstanding debt pursuant to the Guaranty.

## Count I – Breach of Guaranty

13. Ionics repeats and incorporates herein paragraphs 1-12 above as if fully stated herein.

14. A valid contract for the provision of water purification equipment existed between Ionics and WRE.

15. Ionics performed in full under the Contract by providing WRE the required water purification equipment.

16. WRE did not pay Ionics the agreed upon price for the water purification equipment and breached the Contract.

17. Global agreed to guaranty WRE's debt to Ionics in consideration for Ionics' forbearance from taking immediate legal action against WRE.

18. Global agreed to pay Ionics the outstanding balance of the Contract plus interest on or before June 30, 2004 if WRE did not pay this debt by that date.

3

19. WRE did not pay any portion of the outstanding debt by June 30, 2004.

20. As of June 30, 2004, Global owes Ionics the principal balance of $1,979,278.00 plus accrued interest of approximately $348,000.00.

21. Global's failure to pay the above amounts after due demand constitutes a breach of the Guaranty.

22. As a result of Global's breach, Ionics has suffered damages in an amount to be determined at trial, but not less than $2,327,278.00.

WHEREFORE, Plaintiff Ionics Incorporated, demands relief as follows:

1. That the Court enter judgment in favor of Ionics and against Global on Count I of the Complaint in an amount to be determined at trial, but not less than $2,327,278.00, plus interest under the Guaranty or as otherwise provided by law, plus costs and attorneys' fees; and

2. That the Court grant Ionics such further relief as is just and appropriate.

### JURY DEMAND

Plaintiff demands a trial by jury on all counts of the complaint so triable.

Respectfully submitted,

IONICS, INCORPORATED,

By its attorneys,

*/s/ Kim M. Clarke*

David B. Mack (BBO# 631108)
Kim M. Clarke (BBO# 657711)
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110
(617) 345-1000

Dated: July 8, 2004

4

---

**MIDDLESEX, ss.    Commonwealth of Massachusetts**
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

In testimony that the foregoing is a true copy on file and of record made by photographic process, I hereunto set my hand and affix the seal of said Superior Court this ninth day of September 2004.

*Karen A. O'Connor*
Deputy Assistant Clerk

MAR. 4.2003  1:21PM   IONICS (617)926-9277  GLOBAL ENERGY                NO.932   P.3/3   @003

4. This Guaranty shall be in force from the date first written above and shall terminate upon final payment of all of the Guaranteed Obligations.

5. Each Party agrees to pay its own costs, charges and expenses of any kind incurred in relation to the execution, delivery, performance or enforcement of this Guaranty.

6. Should any one or more of the provisions of this Guaranty be determined to be illegal or unenforceable, all other provisions hereof shall nevertheless remain effective, and this Guaranty shall be interpreted and enforced, to the extent possible, in accordance with the intention of the parties. No provision of this Guaranty nor any of the rights of either party hereunder shall be waived, nor shall any obligations of either party hereunder be released, except by a writing duly executed by an authorized officer of the waiving or releasing party.

7. This Guaranty shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts. Any dispute, claim, or controversy arising out of or relating to this Guaranty shall be resolved in the Courts of the Commonwealth of Massachusetts, and Global hereby submits to the exclusive jurisdiction of said Courts.

8. Ionics and Global have agreed to work together to convert the Guaranteed Obligation into preferred equity capital of WRE in conjunction with an alliance agreement between the parties. In the event that Ionics enters into such an arrangement under terms satisfactory to it, Ionics anticipates that the documentation for such arrangement will contain a guaranty from Global with respect to the redemption of such preferred equity that will supersede this guaranty. This guaranty will remain in full force and effect until such time as it may be superseded by a substitute guaranty.

IONICS, INCORPORATED

By: _____
Name: Daniel M. Kuzmak
Title: CFO

GLOBAL ENERGY, INC.

By: _____
Name: H. H. GRAVES
Title: President & CEO

2

## GUARANTY

THIS GUARANTY is entered into as of the 4th day of March, 2003, by and between IONICS, INCORPORATED, with a place of business at 65 Grove Street, Watertown, Massachusetts 02472-2882, U.S.A. ("Ionics"), and GLOBAL ENERGY, INC. ("Global"), with a place of business at 312 Walnut Street, Suite 2650, Cincinnati, OH 45202.

WHEREAS, Wabash River Energy, Inc., a wholly owned subsidiary of Global ("WRE"), owes an amount currently equal to $1,979,278 to Ionics, representing a payable for goods and services provided (the "balance amount"); and

WHEREAS, Global is willing to guaranty to Ionics the payment of such amount by WRE in consideration of Ionics' forbearance from taking immediate legal action against WRE for the balance amount.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1.  Pursuant to the terms and conditions herein, Global hereby unconditionally and irrevocably agrees to pay Ionics the outstanding indebtedness owed by WRE to Ionics, currently in the amount of $1,979,278, as said amount may be augmented by the accrual of interest at the annual rate of 12% ("Guaranteed Obligation"), on or before June 30, 2004, if such payment is not made to Ionics by WRE prior to that date.

2.  Global waives and relinquishes any and all rights, defenses and benefits limiting or exonerating the liability of guarantors under the operation of law and in equity. The obligations of Global under this Guaranty shall not be affected by:

    (a) Ionics' failure to assert any claim or demand or to enforce any right or remedy against WRE;

    (b) Ionics' converting the Guaranteed Obligation into any form of equity, except that this Guaranty shall then serve as a guaranty of the redemption of such equity for a payment equal to the Guaranteed Obligation; and

    (c) Any discharge of WRE from any of its obligations to Ionics in a bankruptcy or similar proceeding or otherwise.

3.  The obligations of Global under this Guaranty shall not be subject to any reduction, limitation, impairment, defense, setoff, counterclaim, recoupment or termination for any reason.

4. This Guaranty shall be in force from the date first written above and shall terminate upon final payment of all of the Guaranteed Obligations.

5. Each Party agrees to pay its own costs, charges and expenses of any kind incurred in relation to the execution, delivery, performance or enforcement of this Guaranty.

6. Should any one or more of the provisions of this Guaranty be determined to be illegal or unenforceable, all other provisions hereof shall nevertheless remain effective, and this Guaranty shall be interpreted and enforced, to the extent possible, in accordance with the intention of the parties. No provision of this Guaranty nor any of the rights of either party hereunder shall be waived, nor shall any obligations of either party hereunder be released, except by a writing duly executed by an authorized officer of the waiving or releasing party.

7. This Guaranty shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts. Any dispute, claim, or controversy arising out of or relating to this Guaranty shall be resolved in the Courts of the Commonwealth of Massachusetts, and Global hereby submits to the exclusive jurisdiction of said Courts.

8. Ionics and Global have agreed to work together to convert the Guaranteed Obligation into preferred equity capital of WRE in conjunction with an alliance agreement between the parties. In the event that Ionics enters into such an arrangement under terms satisfactory to it, Ionics anticipates that the documentation for such arrangement will contain a guaranty from Global with respect to the redemption of such preferred equity that will supersede this guaranty. This guaranty will remain in full force and effect until such time as it may be superseded by a substitute guaranty.

IONICS, INCORPORATED

By: _____
Name: Donald T. Kuzmak
Title: CFO

GLOBAL ENERGY, INC.

By: _____
Name: H.H. GRAVES
Title: Assistant CEO

2

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                          SUPERIOR COURT DEPARTMENT
                                        OF THE TRIAL COURT
                                        CIVIL ACTION NO. 04-02749

IONICS INCORPORATED,           )
                               )
       Plaintiff,              )
                               )
v.                             )
                               )
GLOBAL ENERGY, INC.,           )
                               )
       Defendant.              )
                               )



### NOTICE OF FILING OF NOTICE OF REMOVAL
### TO THE UNITED STATES DISTRICT COURT

Pursuant to U.S.C. § 1446(d), Defendant Global Energy, Inc. hereby gives this Court notice that on September 7, 2004, it filed a Notice of Removal in the United States District Court for the District of Massachusetts, removing the above-captioned action from this Court to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. A copy of Defendants' Notice of Removal is attached to this pleading as **Exhibit A**.

Respectfully submitted,

GLOBAL ENERGY, INC.,

By its counsel,

*[signature]*
Jason W. Morgan (BBO #633802)
Drohan, Hughes, Hoffman & Tocchio, P.C.
175 Derby Street, Suite 30
Hingham, MA 02043
Tel.: (781) 749-7200
Fax: (781) 740-4335
jmorgan@dhhpc.com

Dated: September 7, 2004

### CERTIFICATE OF SERVICE

I, Jason W. Morgan, hereby certify that on September 7, 2004, I served a true and correct copy of the foregoing by overnight delivery upon counsel for Plaintiff, Kim M. Clarke, Nixon Peabody LLP, 100 Summer Street, Boston, Massachusetts 02110.

*[signature]*
Jason W. Morgan

---

MIDDLESEX, ss.   **Commonwealth of Massachusetts**
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

In testimony that the foregoing is a true copy on file and of record made by photographic process, I hereunto set my hand and affix the seal of said Superior Court this ninth day of September 2004.

*[signature]* Karen A. O'Connor
Deputy           Assistant Clerk

# EXHIBIT A



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IONICS INCORPORATED, )
             )
    Plaintiff, )
             )
v.           )    Civil Action No.                    9-7-04
             )
GLOBAL ENERGY, INC., )
             )
    Defendant. )

04-11943 PBS

## NOTICE OF REMOVAL

TO: **CLERK OF COURT**
**U.S. DISTRICT COURT for the DISTRICT OF MASSACHUSETTS**

Please take notice that Defendant Global Energy, Inc. hereby files this Notice of Removal, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As grounds for removing this action, Defendant states as follows:

1. On or about July 8, 2004, Plaintiff Ionics Incorporated filed a civil action entitled Ionics Incorporated v. Global Energy, Inc., Civil Action No. MICV2004-02749, in the Superior Court Department of the Trial Court, Middlesex County, Massachusetts (the "State Court Action").

2. On August 5, 2004, Defendant received a copy of the Summons, Complaint, and Civil Action Cover Sheet in the State Court Action, by certified mail. (See **Exhibit A**.) As required by 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days after Defendant's first receipt of the Complaint, accounting for the Labor Day weekend and holiday.

3. As alleged in the Complaint in the State Court Action, Plaintiff is a corporation organized under the laws of the Commonwealth of Massachusetts, with a principal place of business at 65 Grove Street, Watertown, Massachusetts.

4. Defendant is a corporation organized under the laws of the State of Ohio, with a principal place of business at 312 Walnut Street, Cincinnati, Ohio.

6. In its Complaint in the State Court Action, Plaintiff asserts a claim for "Breach of Guaranty" and seeks to recover from Defendant the amount of $2,327,278.00.

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because Plaintiff is a citizen of a different state than Defendant and the matter in controversy exceeds the sum on $75,000.00, exclusive of interest and costs.

10. Defendant has, on this 7th day of September, 2004, sent copies of this Notice of Removal to Plaintiff's counsel and to the Clerk of the Superior Court, Middlesex County, Massachusetts, to be filed with that court pursuant to 28 U.S.C. § 1446(d).

11. Pursuant to Local Rule 81.1 of this Court, within thirty (30) days, Defendant will file with the Clerk of this Court certified or attested copies of all records and proceedings in the State Court Action and a certified and attested copy of all docket entries there.

WHEREFORE, Defendant hereby removes this action now pending in the Superior Court, Middlesex County, Massachusetts, to this the United States District Court for the District of Massachusetts.

Respectfully submitted,

GLOBAL ENERGY, INC.,

By its counsel,

*[signature]*

Jason W. Morgan (BBO #633802)
Drohan, Hughes, Hoffman & Tocchio, P.C.
175 Derby Street, Suite 30
Hingham, MA 02043
Tel.: (781) 749-7200
Fax: (781) 740-4335
jmorgan@dhhpc.com

Dated: September 7, 2004

## CERTIFICATE OF SERVICE

I, Jason W. Morgan, hereby certify that on September 7, 2004, I served a true and correct copy of the foregoing by overnight delivery upon counsel for Plaintiff, Kim M. Clarke, Nixon Peabody LLP, 100 Summer Street, Boston, Massachusetts 02110.

*[signature]*
Jason W. Morgan