UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IONICS, INCORPORATED,<br><br>  Plaintiff,<br><br>v.<br><br>GLOBAL ENERGY, INC.,<br><br>  Defendant. | Civil Action No. 04-11943-PBS |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
RULE 56(f) APPLICATION FOR A CONTINUANCE TO RESPOND**

Pursuant to Fed. R. Civ. P. (LR) 7.1(B)(3), Plaintiff Ionics, Incorporated ("Ionics") submits this reply in order to address three arguments raised by Defendant Global Energy, Inc.("Global") in its opposition to Ionics' motion for summary judgment. First, Global argues that Ionics is not a party to the underlying contract referenced in the Guaranty, as a result of which Ionics is not entitled to relief. Second, Global contends that Ionics is not entitled to summary judgment because the Guaranty purportedly obligated Ionics to convert the debt owed by Global's subsidiary, WRE, into preferred equity and that Ionics in bad faith cut of discussions on such an arrangement. And third, pursuant to Rule 56(f), Global contends that summary judgment is inappropriate because it has not had an opportunity to conduct discovery. Each of these arguments is devoid of merit and will be addressed in turn. Ionics also incorporates by reference its contemporaneously filed Motion to Strike portions of the Affidavit of Harry Graves, relied upon by Global in its opposition. For the reasons explained in the motion to strike and below, the "facts" set forth in the Graves Affidavit are not germane to the issue at bar.

I.   **Ionics And Global Are The Parties To The Guaranty.**

Global notes that Ionics Resources Conservation Company ("Ionics RCC"), rather than Ionics, Incorporated, was the party to the underlying contract with WRE for water purification equipment. See Defendant's Opposition to Plaintiff's Motion for Summary Judgment, or in the Alternative, Defendant's Rule 56(f) Application for Continuance to Respond ("Opposition") at ¶1. This is an immaterial fact. Ionics' claim in this action is for breach of the *Guaranty*. Global does not dispute, nor can it, that Ionics and Global are the parties to the Guaranty. The fact that Ionics RCC (a division of Ionics and not a separate entity) purportedly was the party to the contract for the water purification equipment does not affect Global's obligation to Ionics, Incorporated under the Guaranty.[1]

II.  **The Guaranty Did Not Require That The Parties Enter An Alliance Agreement.**

Although Global admits to owing Ionics the debt under the Guaranty, it disputes this in part because the Guaranty "calls for the parties to convert the 'Guaranty Obligation' into preferred equity capital of WRE in conjunction with an 'Alliance Agreement,' and the Guaranty would be superceded." Graves Aff. at ¶5. Mr. Graves has grossly mischaracterized the parties' obligations under the Guaranty. The Guaranty states that the parties:

> have agreed to work together to convert the Guaranteed Obligation into preferred equity capital of WRE in conjunction with an alliance agreement between the parties. ***In the event that Ionics enters into such an arrangement under terms satisfactory to it . . . that will supersede this guaranty. This guaranty will remain in full force and effect until such time as it may be superseded by a substitute guaranty.***

Guaranty, ¶8 (emphasis added).

The Guaranty thus does not obligate Ionics to convert the debt owed by WRE into preferred equity in WRE. Rather, the Guaranty provides that *in the event* Ionics and WRE *were* to convert the

---

[1] Although whether Ionics, Incorporated was a party to the underlying contract is immaterial to this action for enforcement of the Guaranty, the Guaranty itself suggests that Ionics, Incorporated is the party in interest under the water purification contract. See Guaranty at ¶1 (stating that WRE ". . . owes an amount currently equal to $1,979,278 to *Ionics* representing a payable for goods and services provided. . .") (Emphasis added).

debt into preferred equity under terms satisfactory to Ionics, the debt would be superseded by such equity position. An agreement to negotiate is not a contract and therefore the Guaranty did not "call for" the parties to enter an Alliance Agreement. See Bell v. B.F. Goodrich Co., 359 Mass. 763 (1971). The agreement under the Guaranty was that Global would pay the debt owed by WRE should WRE fail to satisfy its obligation on or before June 30, 2004. Ionics agreed to explore an alliance agreement whereby the debt would be converted to equity. Ionics did not promise anything more.

The fact that Ionics had no obligation under the Guaranty to enter into an alliance agreement renders immaterial Global's (unfounded) allegations of bad faith conduct on the part of Ionics following execution of the Guaranty. For the reasons stated in the Motion to Strike, the Court should disregard the alleged discussions between the parties concerning the alliance agreement, as well as unexecuted drafts of such agreement submitted by Global.[2]

### III. Global's Request For A Continuance Under Rule 56(f) Should Be Denied.

For the Court to grant a continuance of the motion for summary judgment, Global must "(1) articulate a plausible basis for the belief that discoverable materials exist which would raise a trialworthy issue, and (2) demonstrate good cause for failure to have conducted discovery earlier." See Price v. General Motors Corp., 931 F.2d 162, 164 (1st Cir. 1991). Global must explain why discovery will yield the discovery of disputed, *material facts*. Global purportedly would use discovery to seek information concerning the negotiations of the alliance agreement. Such discussions and the alleged conduct of the parties in exploring the alliance agreement are irrelevant. Even assuming arguendo Global were to prove that Ionics acted in bad faith in ceasing the

---

[2] Although Global's assertion that Ionics wrongfully cut off discussions concerning the alliance agreement is entirely irrelevant, the materials submitted by Global belie Global's assertion. The June 1, 2004 letter Global attached to its Opposition clearly demonstrates that Global recognized its debt obligation and that Ionics preferred total payment of the debt. Opposition at ¶2. In the letter Mr. Graves stated: "It seems from the phone conversation that a total payout ASAP is the preferred option by [Ionics] RCC." Mr. Graves clearly understood that Ionics had no contractual duty obligation to forfeit a cash payout from Global in favor of a preferred equity position in a company, WRE, that could not pay its debts. Mr. Graves' apparent "shock" when Ionics sued to enforce the Guaranty – although legally insignificant – is factually dubious.

negotiation of an alliance agreement – which Ionics refutes – such facts are immaterial. The Guaranty is clear and unambiguous. The Guaranty plainly recites the outstanding debt and interest owed. The parties did not execute an alliance agreement, so the payment due Ionics from WRE, which payment was guaranteed by Global, remains due and owing. Discovery will not lead to a disputed issue of *material* fact. Summary judgment to enforce the Guaranty is appropriate. See Schwanbeck v. Federal-Mogul Corp., 412 Mass. 703, 706 (1992) (an unambiguous contract should be enforced according to its terms); see also Bank One Texas, N.A. v. A.J. Warehouse, Inc., 968 F.2d 94, 98 (1st Cir. 1992) (summary judgment granted when the contract was unambiguous).

For the reasons stated above, and for those stated in the Motion to Strike and Ionics' initial papers, Ionics respectfully requests that its Motion for Summary Judgment be allowed.

Respectfully submitted,

Dated:   November 22, 2004           IONICS, INCORPORATED,

By its counsel,

*/s/ Kim M. Clarke*
David B. Mack (BBO# 631108)
Kim M. Clarke (BBO# 657711)
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts 02110
(617) 345-1000

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IONICS, INCORPORATED, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GLOBAL ENERGY, INC., ) <br> ) <br> Defendant. ) | Civil Action No. 04-11943-PBS |

### PLAINTIFF'S MOTION TO STRIKE PORTIONS OF THE AFFIDAVIT OF HARRY GRAVES SUBMITTED IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND RULE 56(f) APPLICATION FOR A CONTINUANCE TO RESPOND

Pursuant to Fed. R. Civ. P. 56 (e), Plaintiff Ionics, Incorporated ("Ionics"), moves to strike portions of the Affidavit of Harry Graves ("Graves Affidavit") submitted in support of Global Energy, Inc.'s ("Global") Opposition to Plaintiff's Motion for Summary Judgment and Rule 56(f) Application for a Continuance to Respond ("Opposition"). The Court should strike and disregard the Graves Affidavit paragraphs because they do not "set forth such facts as would be admissible in evidence." Fed. R. Civ. P. 56(e). The paragraphs make inadmissible statements for two reasons: (1) they state facts immaterial or irrelevant to the matter before the Court; and (2) they make statements that violate the hearsay and best evidence rules of the Federal Rules of Evidence.

### I. The Court Should Strike Paragraph Three of the Graves Affidavit Because it Contains Statements about a Contract not at Issue.

The Court should strike paragraph three of the Graves Affidavit because the statements relate to a contract not at issue in this case. Graves Aff. at ¶3, hereto attached. Graves' statements about a contract to provide equipment to Wabash River Energy ("WRE contract") are immaterial and irrelevant because Ionics sued Global on the Guaranty Agreement ("Guaranty") between it and Global. The sole action in this case is for the breach of the Guaranty, and the named parties of the

WRE contract is irrelevant to the issue of Global's obligations under the Guaranty. Under Rule 56(e), statements in an affidavit must "set forth such facts as would be admissible in evidence." Because these statements are immaterial and irrelevant they do not satisfy this standard and should be disregarded and stricken from the record.

## II. The Court Should Strike All Statements Related to the Alliance Agreement (and their Exhibits) Because They are Irrelevant and/or Violate the Hearsay and Best Evidence Rules.

### A. Paragraphs Five and Six (all but the first sentence) Violate both the Hearsay and Best Evidence Rules.

In paragraph 5, Mr. Graves' states that the Guaranty "calls for the parties to convert the 'Guaranteed Obligation' into preferred equity capital of Wabash in conjunction with an Alliance Agreement." Graves Aff. at ¶5. Paragraph six also refers to the "Alliance Agreement called for under the Guaranty." Graves Aff. at ¶6. Mr. Graves' statements about what the Guaranty states are out of court statements made for the truth of their assertions, and do not fall within any of the exceptions to the hearsay rule. Therefore such statements are inadmissible. Fed. R. Evid. 801(c); see Ahmed v. Berkshire Medical Ctr., Inc., 1999 U.S. App. LEXIS 24961 *3 (1st Cir. 1999) (court strikes inadmissible hearsay statements from an affidavit supporting motion for summary judgment).

Mr. Graves' characterization of the Guaranty also violates the best evidence rule because the Guaranty speaks for itself. FRE 1002 and 1003 states that "to prove the content of a writing, recording, or photograph, the original [or copy as Rule 1003 provides] writing, recording or photograph is required." Fed. R. Evid. 1002, 1003. Graves' self-serving characterization of what the Guaranty says is tantamount to argument and should be disregarded. See Sylvania Electric Products, Inc. v. Flannagan, 352 F.2d 1005, 1007 (1st Cir. 1965) ("the best evidence that is obtainable in the circumstances of the case must be adduced to prove any disputed fact.")

## B. All Statements Regarding the Alliance Agreement Should be Stricken Because they are Irrelevant.

The Court should disregard and strike from the record all statements in the Graves Affidavit concerning the Alliance Agreement, including without limitation Paragraphs five, six (all but the first sentence), seven through nine, paragraph eleven, and statement (2) of paragraph 12 and the exhibits to the Graves Affidavit. For the reasons explained in the Reply Brief, the Guaranty did not require that the parties enter such an alliance agreement nor require that Ionics accept an equity position in WRE in lieu of a cash payment from Global, WRE's parent. See Reply Brief, §II. Accordingly, all statements concerning negotiations regarding an Alliance Agreement or the conversion of debt to equity are entirely irrelevant. To such extent Mr. Graves' affidavit does not set forth facts as would be admissible in evidence and therefore it should be stricken.

## III. The Court Should Strike Paragraph Ten Because Graves' Personal Beliefs are Irrelevant.

The Court should disregard and strike from the record paragraph ten because Graves' personal beliefs of what Global's obligations were when Ionics served Global with this action are irrelevant with regard to the sole count of breach of an unambiguous contract. See Graves Aff. at ¶10. The fact that Graves was "shocked" because he believed the parties were close to an Alliance Agreement is irrelevant because the Guaranty never required such an Alliance Agreement to be executed. Graves Aff. ¶10. Under Rule 56(e), these inadmissible statements in an affidavit should be stricken from the record.

WHEREFORE, Ionics respectfully requests that its motion to strike be allowed, and that the Court strike and disregard the following portions of the Graves Affidavit in considering Ionics' motion for summary judgment:

1) paragraphs five, seven through nine, and eleven in their entirety;

2) all but the first sentence of paragraph six;

BOS1438067.3

- 3 -

3) statement (2) of paragraph 12; and

4) all exhibits to the Graves Affidavit.

Respectfully submitted,

Dated: November 22, 2004

IONICS, INCORPORATED,

By its counsel,

*/s/ Kim M. Clarke*

David B. Mack (BBO# 631108)
Kim M. Clarke (BBO# 657711)
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts 02110
(617) 345-1000