UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IONICS, INCORPORATED,

    Plaintiff,

v.

GLOBAL ENERGY, INC.,

    Defendant.

Civil Action No. 04-11943-PBS

SCANNED
DATE: 11/23/04
BY: K.J.

## PLAINTIFF'S MOTION TO STRIKE PORTIONS OF THE AFFIDAVIT OF HARRY GRAVES SUBMITTED IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND RULE 56(f) APPLICATION FOR A CONTINUANCE TO RESPOND

Pursuant to Fed. R. Civ. P. 56 (e), Plaintiff Ionics, Incorporated ("Ionics"), moves to strike portions of the Affidavit of Harry Graves ("Graves Affidavit") submitted in support of Global Energy, Inc.'s ("Global") Opposition to Plaintiff's Motion for Summary Judgment and Rule 56(f) Application for a Continuance to Respond ("Opposition"). The Court should strike and disregard the Graves Affidavit paragraphs because they do not "set forth such facts as would be admissible in evidence." Fed. R. Civ. P. 56(e). The paragraphs make inadmissible statements for two reasons: (1) they state facts immaterial or irrelevant to the matter before the Court; and (2) they make statements that violate the hearsay and best evidence rules of the Federal Rules of Evidence.

**I.    The Court Should Strike Paragraph Three of the Graves Affidavit Because it Contains Statements about a Contract not at Issue.**

The Court should strike paragraph three of the Graves Affidavit because the statements relate to a contract not at issue in this case. Graves Aff. at ¶3, hereto attached. Graves' statements about a contract to provide equipment to Wabash River Energy ("WRE contract") are immaterial and irrelevant because Ionics sued Global on the Guaranty Agreement ("Guaranty") between it and Global. The sole action in this case is for the breach of the Guaranty, and the named parties of the

WRE contract is irrelevant to the issue of Global's obligations under the Guaranty. Under Rule 56(e), statements in an affidavit must "set forth such facts as would be admissible in evidence." Because these statements are immaterial and irrelevant they do not satisfy this standard and should be disregarded and stricken from the record.

## II. The Court Should Strike All Statements Related to the Alliance Agreement (and their Exhibits) Because They are Irrelevant and/or Violate the Hearsay and Best Evidence Rules.

### A. Paragraphs Five and Six (all but the first sentence) Violate both the Hearsay and Best Evidence Rules.

In paragraph 5, Mr. Graves' states that the Guaranty "calls for the parties to convert the 'Guaranteed Obligation' into preferred equity capital of Wabash in conjunction with an Alliance Agreement." Graves Aff. at ¶5. Paragraph six also refers to the "Alliance Agreement called for under the Guaranty." Graves Aff. at ¶6. Mr. Graves' statements about what the Guaranty states are out of court statements made for the truth of their assertions, and do not fall within any of the exceptions to the hearsay rule. Therefore such statements are inadmissible. Fed. R. Evid. 801(c); see Ahmed v. Berkshire Medical Ctr., Inc., 1999 U.S. App. LEXIS 24961 *3 (1st Cir. 1999) (court strikes inadmissible hearsay statements from an affidavit supporting motion for summary judgment).

Mr. Graves' characterization of the Guaranty also violates the best evidence rule because the Guaranty speaks for itself. FRE 1002 and 1003 states that "to prove the content of a writing, recording, or photograph, the original [or copy as Rule 1003 provides] writing, recording or photograph is required." Fed. R. Evid. 1002, 1003. Graves' self-serving characterization of what the Guaranty says is tantamount to argument and should be disregarded. See Sylvania Electric Products, Inc. v. Flannagan, 352 F.2d 1005, 1007 (1st Cir. 1965) ("the best evidence that is obtainable in the circumstances of the case must be adduced to prove any disputed fact.")

### B. All Statements Regarding the Alliance Agreement Should be Stricken Because they are Irrelevant.

The Court should disregard and strike from the record all statements in the Graves Affidavit concerning the Alliance Agreement, including without limitation Paragraphs five, six (all but the first sentence), seven through nine, paragraph eleven, and statement (2) of paragraph 12 and the exhibits to the Graves Affidavit. For the reasons explained in the Reply Brief, the Guaranty did not require that the parties enter such an alliance agreement nor require that Ionics accept an equity position in WRE in lieu of a cash payment from Global, WRE's parent. See Reply Brief, §II. Accordingly, all statements concerning negotiations regarding an Alliance Agreement or the conversion of debt to equity are entirely irrelevant. To such extent Mr. Graves' affidavit does not set forth facts as would be admissible in evidence and therefore it should be stricken.

### III. The Court Should Strike Paragraph Ten Because Graves' Personal Beliefs are Irrelevant.

The Court should disregard and strike from the record paragraph ten because Graves' personal beliefs of what Global's obligations were when Ionics served Global with this action are irrelevant with regard to the sole count of breach of an unambiguous contract. See Graves Aff. at ¶10. The fact that Graves was "shocked" because he believed the parties were close to an Alliance Agreement is irrelevant because the Guaranty never required such an Alliance Agreement to be executed. Graves Aff. ¶10. Under Rule 56(e), these inadmissible statements in an affidavit should be stricken from the record.

WHEREFORE, Ionics respectfully requests that its motion to strike be allowed, and that the Court strike and disregard the following portions of the Graves Affidavit in considering Ionics' motion for summary judgment:

1) paragraphs five, seven through nine, and eleven in their entirety;

2) all but the first sentence of paragraph six;

BOS1438067.3

- 3 -

3) statement (2) of paragraph 12; and

4) all exhibits to the Graves Affidavit.

Dated: November 22, 2004

Respectfully submitted,

IONICS, INCORPORATED,

By its counsel,

*/s/ Kim M. Clarke*
David B. Mack (BBO# 631108)
Kim M. Clarke (BBO# 657711)
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts 02110
(617) 345-1000

BOS1438067.3

- 4 -